**UNITED STATES of America**

v.

**Stephen SACCOCCIA and
Donna Saccoccia.**

**Civil A. Nos. 91–115–04T, 91–115–02T.**

United States District Court,
D. Rhode Island.

Jan. 19, 1996.

Michael Iannotti, Asst. U.S. Attorney, United States Attorney's Office, Providence, RI, for Plaintiff.

Terrance G. Reed, Washington, DC, James Moretti, Local Counsel for Defendant, Cranston, RI, for Defendant Stephen Saccoccia.

Mark E. Overland, Santa Monica, CA, James Moretti, Cranston, RI, for Defendant Donna Saccoccia.

## MEMORANDUM AND ORDER

TORRES, District Judge.

This case is before the Court for consideration of motions by Stephen Saccoccia and Donna Saccoccia to quash deposition subpoenas served by the government on attorneys who represented the Saccoccias at various stages of their criminal prosecution for conspiracy and money laundering. The issue presented is one of first impression. It is whether a defendant against whom a criminal forfeiture judgment has been entered is entitled to be present during post trial depositions conducted, pursuant to 18 U.S.C. § 1963(k) and 21 U.S.C. § 853(m), for the purpose of locating assets that are subject to forfeiture. For reasons stated below, I find that a defendant must be afforded the opportunity to be present and that, because the government has made no provision for the Saccoccias' attendance, the motion to quash the deposition subpoenas should be granted.

### Facts

Stephen A. Saccoccia and Donna Saccoccia currently are serving lengthy prison sentences as a result of convictions for various money laundering offenses and for a RICO conspiracy to launder money derived from the illegal sale of narcotics. In addition, both defendants were required to forfeit the sum of $136,344,231.87 which represents the proceeds of their racketeering activity.

The government has been unable to locate assets sufficient to satisfy the forfeiture judgment. Consequently, pursuant to 18 U.S.C. § 1963(k) and 21 U.S.C. § 853(m) as incorporated by 18 U.S.C. § 982(b)(1)(A), the government applied for an order authorizing it to depose several attorneys who represented the defendants at various stages of the criminal prosecution for the purpose of identifying the sources of the funds the defendants used to pay their counsel fees.

That application was granted (*United States v. Saccoccia*, 898 F.Supp. 53 (D.R.I. 1995)) and deposition subpoenas were served upon the attorneys. The defendants argue that the subpoenas should be quashed because the government has failed to arrange for their presence at the depositions.

### Discussion

Depositions for the purpose of locating assets subject to criminal forfeiture are authorized by 18 U.S.C. § 1963(k) and 21 U.S.C. § 853(m). Both statutes provide that:

In order to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation of forfeiture, after the entry of an order declaring property forfeited to the United States, the court may, upon application of the United States, order that the testimony of any witness relating to the property forfeited be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time and place, *in the same manner as provided for the taking of depositions under Rule 15 of the Federal Rules of Criminal Procedure.*

18 U.S.C. § 1963(k) and 21 U.S.C. § 853(m) (emphasis added).

Rule 15 contains detailed provisions regarding the circumstances under which depositions may be taken in criminal cases, the procedures to be followed and the purposes for which depositions may be used. Rule 15(b) states:

The officer having custody of a defendant shall be notified of a time and place set for the examination and shall, unless the defendant waives in writing the right to be present, produce the defendant at the examination....

 The government points out that the drafters of R. 15 obviously did not contemplate its application to post-judgment depositions. Rule 15(a) authorizes depositions only when "due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use *at trial.*" Fed.R.Crim.Proc. 15(a). Moreover, the history of R. 15(b) indicates that the purpose of requiring a defendant's presence was to preserve his Constitutional right to confront witnesses against him. *See,* 2 Charles A. Wright, *Federal Practice and Procedure* § 244 (1982) (noting Congress' fear that permitting the government to utilize deposition evidence would violate a defendant's Fifth Amendment rights unless the defendant was afforded an opportunity to be present).

 In this case, the defendants' confrontation rights no longer are a consideration because the criminal prosecution has been terminated. However, by enacting §§ 1963(k) and 853(m), Congress expressly authorized post conviction depositions and mandated that they be taken "in the same manner" specified in R. 15. Therefore, the issue is not what the drafters of this rule contemplated. Rather, it is whether the statutory language incorporates R. 15(b)'s requirement regarding the defendant's presence.

 In answering that question, the Court must look first to the terms of the statute. If the words used are clear and unambiguous, they must be given effect notwithstanding any doubts that the Court may have with respect to their wisdom. *United States v. Meyer,* 808 F.2d 912, 915 (1st Cir. 1987). Here, §§ 1963(k) and 853(m) explicitly require that depositions be taken in the same "manner" as provided in R. 15. Of course, that does not necessarily mean that every provision of the rule is incorporated. Only those provisions of Rule 15 that deal with the *method* or *procedure* for taking depositions are incorporated. The statutes should not be read to incorporate those provisions of R. 15(a) that refer solely to the circumstances under which depositions are authorized. Indeed, such a reading plainly would be at variance with the manifest purpose of §§ 1963(k) and 853(m). As already noted, R. 15(b) limits depositions to situations in which the testimony is being preserved for use at trial but §§ 1963(k) and 853(m) expressly provide for depositions in post-trial forfeiture proceedings.

On the other hand, R. 15(b) does deal with the method or procedure for taking depositions. It prescribes the contents of the notice that must be given and the persons entitled to notice as well as a defendant's right to be present. Moreover, in contrast to subsection (a), it does not conflict with §§ 1963(k) and 853(m) which are silent on those points.

The government argues that §§ 1963(k) and 853(m) should not be construed to require a defendant's presence because that would frustrate the statute's underlying purpose which is to "facilitate the identification and location of property declared forfeited." 18 U.S.C. § 1963(k); 21 U.S.C. § 853(m). In making that argument, the government, in effect, is asking the Court to rewrite the statutes.

 It must be presumed that, if Congress had intended to exclude the portion of R. 15(b) that requires a defendant's presence, it would have so stated. In the absence of any such provision, the terms of the rule must be deemed incorporated unless they would irreconcilably conflict with Congress' manifest purpose. *Consumer Product Safety Commission v. GTE Sylvania,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Here, there is no such conflict. It may be that a defendant's presence is not Constitutionally required and that mandating his or her presence will make it more difficult for the government to take depositions. However, the requirement does not prevent the government from taking depositions or defeat its ability to enforce forfeiture judgments. Therefore, it cannot be said to frustrate the purpose of §§ 1963(k) and 853(m).

In short, there is no principled basis for selectively excluding provisions of R. 15(b) that clearly relate to the "manner" in which depositions are to be taken. Therefore, the motions to quash are granted without preju-

dice to the government's right to take the proposed depositions at some future time in the "manner" prescribed by R. 15.

In light of the already protracted proceedings spawned by the government's efforts to enforce the forfeiture judgments in question, the Court feels compelled to make the following points for the guidance of counsel and their clients in connection with any future depositions:

1. In determining whether to answer any questions posed to them or to produce any documents demanded of them, counsel being deposed should be guided by the rulings contained in this Court's Memorandum and Order dated August 28, 1995, and should not decline to answer any question or produce any document solely because their respective clients may object. Any refusal to answer or produce documents must be based on a reasonable and good faith belief that such refusal is consistent with the terms of said Memorandum and Order and counsel will be held accountable for any failure to adhere to that standard.

2. Under R. 15(b) a defendant's right to be present is conditioned upon refraining from disruptive conduct and the defendants are hereby cautioned that such conduct will result in their exclusion.

IT IS SO ORDERED,